IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GERARDO REYNA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:15 -CV-3584-L** |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

## ORDER

This habeas case, which was brought pursuant to 28 U.S.C. § 2254, was referred to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on December 5, 2016. The Report recommends that the court deny with prejudice Petitioner's habeas corpus petition, as he failed to make a substantial showing of the denial of a federal right. Petitioner filed an objection to the Report.[1]

Petitioner objects to the Report's finding that the state did not fail to disclose impeachment evidence for witnesses Roman Medina, Jesus Cardenas, and Michael Livermore. Petitioner contends that this determination ignores the circumstantial evidence that each of these witnesses received lenient sentences after testifying. The court, however, disagrees. A multitude of factors may influence a sentence imposed by a court; therefore, the sentence that these witnesses received does not establish that the state offered them plea deals in exchange for testifying in Petitioner's

---

[1] On December 19, 2016, Petitioner Gerardo Reyna ("Petitioner"), filed a Motion for Extension of Time to File Objections (Doc. 16). Petitioner filed his motion on the same day as the deadline to file objections to the Report. Petitioner filed his objection on January 9, 2017, without an order from the court. The court recognizes that Petitioner's motion was unopposed; however, the court instructs the parties not to wait until the eleventh hour to file requests for extensions of time. The court needs sufficient time to review the request. That the parties agree does not necessarily mean the court will also agree. The court **grants** Petitioner's motion, and Petitioner's Objection to the Findings and Conclusions and Recommendation of the United States Magistrate Judge (Doc. 17) is deemed filed as of December 19, 2016.

**Order – Page 1**

case.  Moreover, Petitioner's objection mischaracterizes the Report's finding.  The Report determined that the record reflects that the jury was informed that each of these witnesses hoped their testimony in Petitioner's case would be taken into consideration for their own sentence.  Further, the Report states that during the state habeas review the defense attorneys who represented Medina, Cardenas, and Livermore when they were sentenced each testified that their clients did not receive a deal from the state before he testified.  Additionally, the state prosecutor submitted an affidavit stating that the state did not offer, promise, or guarantee leniency to the witnesses in exchange for their testimony.  Given the overwhelming amount of direct evidence, the Report correctly determined that Petitioner failed to establish that the prosecutor made any plea deals to Medina, Cardenas, or Livermore in exchange for testifying in Petitioner's case.  The court, therefore, **overrules** Petitioner's objection.

Having reviewed the file, Report, record, applicable law, and conducting a *de novo* review of Petitioner's objection, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1); and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. [2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 3rd day of August, 2017.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.